**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

TIFFANY NEAL,                     \*

Plaintiff,                      \*

v.                              \*          Civil Action  MJM 19-1033

UNITED STATES OF AMERICA,     \*

Defendant.                  \*

\* \* \* \* \* \* \* \* \* \* \*

**<u>MEMORANDUM OPINION AND ORDER</u>**

This matter is before the Court on Defendant United States of America's Motions *in Limine* to Exclude Plaintiff's Statements to Police Detective (ECF 74), Plaintiff's Therapy Bills (ECF 75), Grant Lewis's Purported Criminal Record (ECF 83), and Evidence of Home Security Upgrades (ECF 84); and Defendant's Motion to Quash Trial Subpoenas (ECF 95), Motion to Quash Trial Subpoenas for Vanessa July and Terry Williams (ECF 103), and Supplemental Motion to Quash Trial Subpoena of Michael DelDuca (ECF 105). Plaintiff Tiffany Neal filed a response in opposition to the first two motions *in limine* (ECF 80), and Defendant filed a reply in support of the motions (ECF 86). The Court heard limited oral argument on the first two motions *in limine* at the telephonic pretrial conference on November 7, 2022. During the pretrial conference, Defendant moved to strike three witnesses from Plaintiff's proposed witness list, which was also noted in the proposed Pretrial Order (ECF 87 at 13–14) was subsequently briefed by the parties (ECF 97 & 101). Additionally, during the pretrial conference, the question of whether Plaintiff would be permitted to testify about alleged sexual misconduct by an employee of Defendant was raised, which the Court took under advisement. Defendant has filed a memorandum on the issue (ECF 96).

Upon consideration of the foregoing papers and information and arguments presented during the pretrial conference and a separate telephone conference conducted on November 22, 2022, and for reasons explained below, Defendant's motions *in limine* will be granted, Defendant's motion to strike will be granted in part and denied in part, Defendant's motions to quash filed at ECF 95 and ECF 105 will be granted, and Defendant's motion to quash filed at ECF 103 will be denied. Finally, Plaintiff will be permitted to testify about alleged sexual misconduct by Defendant's employee.

## I.    BACKGROUND

### A.  Factual Background[1]

This case arises from Plaintiff Tiffany Neal's visit on August 7, 2017, to the cardiology clinic at Baltimore Veterans Affairs Medical Center ("BVAMC") for an ultrasound and echocardiogram/ sonogram procedure. BVAMC is operated by the United States Department of Veterans Affairs ("VA").

At the time of the procedure, Plaintiff (a female) was at least partially disrobed and alone with a female technician behind a closed curtain inside an examination room. According to Plaintiff, the door to the room displayed a sign requiring anyone to knock before entering the room. While Plaintiff was disrobed with her chest exposed, a male BVAMC employee, Grant Lewis, entered the room, pulled back the curtain, and had a conversation with the female technician. Plaintiff alleges that Lewis was "hovering around" Plaintiff, allegedly "had his genitals on [Plaintiff's] head[,]" and "press[ed] his private parts inappropriately over [Plaintiff's] head on the examination bed" with "a full erection." ECF 100 at 2. When Plaintiff questioned

---

[1] The following factual background is derived from the Complaint (ECF 1) and factual statements submitted in the parties' proposed Pretrial Order (ECF 100).

why Lewis was present, Lewis stated that he thought Plaintiff was a male. According to Plaintiff, she asked Lewis, "do I look like a man to you?" *Id.* Lewis allegedly responded, "Yes you do." *Id.* (citing Plaintiff's deposition transcript). Plaintiff alleges that, when she directed Lewis to leave the room, he initially refused but eventually left after additional requests. The female technician provided Lewis's name to Plaintiff. Plaintiff and her husband reported Lewis's conduct to a VA patient advocate, and a VA Police detective was assigned to investigate Lewis's conduct and prepared a report. During the investigation, Lewis was "placed on desk duty," was "reassigned away from the cardiology clinic," and was instructed "not to have any form of contact with [Plaintiff]." *Id.* at 3.

On August 10, 2017, while the investigation of Lewis was pending, Plaintiff alleges that Lewis accessed Plaintiff's medical records, obtained her personal phone number, and called Plaintiff. Lewis initially called Plaintiff to schedule a stress test and eventually told Plaintiff that he was the employee Plaintiff had reported to VA. Plaintiff instructed Lewis not to contact her again, but Lewis called her again multiple times thereafter. According to Defendant, Lewis was assigned the task of placing phone calls to patients while on administrative duty and was given a list of patients to call to schedule stress tests, which included Plaintiff.

VA was aware of prior complaints by female patients and employees that Lewis had engaged in sexual harassment and inappropriate conduct in violation of VA policies. Lewis was disciplined for at least some of his allegedly inappropriate conduct with female patients but was not terminated prior to the incident on August 7, 2017.

Plaintiff alleges that Lewis's and VA's conduct caused her to suffer various psychological injuries and impacts and that she has received treatment for her psychological injuries.

3

### B.  Procedural History

After exhausting her administrative remedies, Plaintiff filed the instant civil action against Defendant in April 2019, alleging "Professional Negligence – Vicarious Liability" in Count 1 and "Intrusion Upon Seclusion – Privacy Violation" in Count 2. ECF 1 at 2. Defendant moved to dismiss the Complaint under Rule 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure asserting sovereign immunity as to the entire Complaint and failure to state a claim as to Count 2, which Plaintiff opposed. Judge Hollander entered a Memorandum Opinion and Order granting Defendant's motion in part and dismissed for lack of subject matter jurisdiction Plaintiff's claims of sexual assault and negligent hiring, training, and supervision. ECF 14 & 15; *Neal v. United States*, 2019 WL 6341622 (D. Md. Nov. 27, 2019). Defendant's motion was denied as to negligence claims based on Lewis's alleged privacy violations. *Id.*

The case proceeded to discovery, which closed in March 2021, and Defendant filed a motion for summary judgment in June 2021, which Plaintiff opposed. Judge Hollander entered a Memorandum Opinion and Order granting the motion in part and entering summary judgment in favor of Defendant as to any claims for damages related to various medical conditions, claims for economic damages, and the portion of Plaintiff's intrusion-upon-seclusion claim in Count 2 pertaining to Lewis's phone calls to Plaintiff. ECF 51 & 52; *Neal v. United States*, — F. Supp. 3d —, 2022 WL 1155903 (D. Md. Apr. 19, 2022). The Court revived Plaintiff's claim for negligent supervision in Count 1. *Id.*

The parties agree that the claims that remain for trial are

1.      As to professional negligence and vicarious liability (Count 1): vicarious liability for Lewis's alleged breaches of standard of care when entering Plaintiff's examination room,

4

negligent supervision of Lewis, and negligent breach of implied contract by Defendant to keep Plaintiff's health care information private and confidential;

2.      As to intrusion upon seclusion (Count 2): Lewis's entry into the examination room and accessing of Plaintiff's medical records;

3.      As to damages: non-economic damages for "anxiety; panic attacks; sleeplessness; emotional injuries and distress; psychological trauma; paranoia; fearfulness; hopeleness ideations; depression and isolation; nightmares and flashbacks; embarrassment and humiliation; plaintiff's fear of Lewis stalking, harassing, or visiting her; and inconvenience and pain and suffering, insofar as they stem from these injuries."

ECF 71.

Trial is scheduled to begin on November 28, 2022. Upon consent of the parties to have a U.S. Magistrate Judge to conduct all proceedings in this case, the matter was assigned to the undersigned judge. The Court conducted a telephonic pretrial conference on November 7, 2022.

Defendant has filed motions *in limine* to exclude statements Plaintiff made to the VA Police detective as contained within the detective's report regarding the incident in August 2017, bills for therapy Plaintiff received after the incident, Lewis's purported criminal record, and documents regarding upgrades to Plaintiff's home security system. Defendant has also moved to strike three witnesses listed on Plaintiff's proposed witness list for failure to disclose these witnesses in discovery and filed motions to quash subpoenas served on Defendant for the appearance of several witnesses to testify at trial. Finally, the Court took under advisement the question whether Plaintiff would be permitted to testify at trial about Lewis allegedly placing his genitals on or over Plaintiff's head, and invited the parties to brief the matter in advance of trial. The Court will address each of the foregoing unresolved matters below.

## II.   DISCUSSION

### A.  Motion *in Limine* to Exclude Plaintiff's Statements to Police Detective

Plaintiff seeks to introduce into evidence at trial statements she made to a police detective contained within a VA Police report. Defendant has moved to exclude these out-of-court statements under the rule against hearsay.

Rule 802 of the Federal Rules of Evidence provides that hearsay is not admissible unless a federal statute, other rules of evidence, or rules prescribed by the U.S. Supreme Court provide otherwise. Rule 801(c) defines hearsay as a statement made out of court that "a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). Plaintiff argues that the statements she seeks to introduce are not hearsay because she is not offering them for the truth of the matter asserted in them. ECF 80 at 8-9. Plaintiff claims that she is offering the out-of-court statements for the bare fact that she made the statements to the VA Police detective in the presence of a VA patient advocate and that these persons "had notice or knowledge of the information related in the statements." *Id.* at 9-10.[2] Plaintiff argues further that the out-of-court statements go to her "state of mind after the August 7, 2017 incident." *Id.* at 10. The Court fails to see the need, at this time, to introduce out-of-court statements recorded in a police report simply to establish notice by the police detective and the patient advocate of Plaintiff's report to the detective or Plaintiff's state of mind. These facts may be presented through witness testimony, to the extent they are relevant. The only apparent value the written statements at issue hold for Plaintiff's case is their substantive truth, which would make them inadmissible hearsay. *See United States v. Burruss*, 418 F.2d 677, 678 (4th Cir. 1969) (hearsay within police report inadmissible).

---

[2] Plaintiff cites "Exhibit 1, p.6" in her opposition brief but does not attach any exhibits to the brief. ECF 80 at 10.

Rule 801(d) provides for certain exemptions from the definition of hearsay, and Rules 803 and 804 provide for certain exceptions to the rule against hearsay. Plaintiff does not argue that any hearsay exceptions currently apply to her statements as recorded in the police report,[3] but points out that Rule 801(d) exemptions may apply, depending on what occurs when Plaintiff testifies at trial. Plaintiff is correct. If Plaintiff is cross-examined about her statements to the VA Police detective, and the statements are consistent with her testimony and are offered to rehabilitate her credibility or to rebut a charge of recent fabrication or improper influence or motive, then the statements would not be hearsay. *See* Fed. R. Evid. 801(d)(1)(B). For this reason, the Court will grant Defendant's motion to exclude Plaintiff's statements in the police report without prejudice to either party seeking to introduce the statements should they become admissible non-hearsay under Rule 801(d) in the course of trial. Counsel is advised to raise this matter with the Court before seeking to introduce the statements.

### B.  Motion *in Limine* to Exclude Plaintiff's Therapy Bills

Plaintiff seeks to introduce into evidence at trial a number of bills and statements of charges issued by a medical provider for therapy she received between April and July 2020 (the "Therapy Bills"). Defendant has moved to exclude the Therapy Bills as non-relevant and because they would likely create a risk of unfair prejudice to Defendant or confusion of the issues at trial. Defendant argues that these documents would only be relevant to Plaintiff's claim for economic damages and summary judgment has been entered in favor of Defendant on that claim.

---

[3] Plaintiff points out that the police report itself may fall within the hearsay exceptions for public records or business records, *see* Fed. R. Evid. 803(6),(8), or the exemption for an opposing party's statement, *see* Fed. R. Evid. 801(d)(2), but does not argue that any exception applies to her statements contained within the report. *See* Fed. R. Evid. 805 ("Hearsay within hearsay is not excluded by the rule against hearsay if each part of the combined statements conforms with an exception to the rule."); *Burruss*, 418 F.2d at 678.

"Irrelevant evidence is not admissible." Fed. R. Evid. 402. Rule 401 provides that "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Although relevant evidence is generally admissible, Fed. R. Evid. 402, relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence[,]" Fed. R. Evid. 403.

The contested Therapy Bills are not relevant to any issue that remains in this case. In her opposition to Defendant's motion *in limine*, Plaintiff fails to identify any fact "of consequence in determining the action" that the Therapy Bills tend "to make . . . more or less probable[.]" Fed. R. Evid. 401. Defendant describes the Therapy Bills as a bare "itemization of costs" for services to Plaintiff. Plaintiff does not dispute this description. If Defendant's description is correct, the Therapy Bills would only tend to establish past and future costs of therapy. The Court disposed of Plaintiff's claim for past and future expenses on summary judgment. Such expenses are no longer at issue in this case.

Plaintiff argues that "[t]he court will need to review the itemized past medical bills in deciding upon the proper measure of damages relating to future medical expenses[,]" and that Plaintiff "is entitled to a damage award for anticipated future hospital, medical and related expenses at [her provider] for her causally related psychological injuries." ECF 80 at 4. But such damages would be economic damages. *See* Md. Code Ann., Cts. & Jud. Proc. § 11-109 (defining "economic damages" as "loss of earnings and medical expenses" and listing "[f]uture medical expenses" and "[n]oneconomic damages" as separate categories of damages awards in personal

injury cases); *Bankert by Bankert v. United States*, 937 F. Supp. 1169, 1184 (D. Md. 1996) (describing "future medical expenses" as a category of economic damages); *Spangler v. McQuitty*, 424 Md. 527, 537, 36 A.3d 928, 934 (Md. 2012) (treating "future medical expenses" as "future economic damages"); *Eastern Shore Title Co. v. Ochse*, 453 Md. 303, 334, 160 A.3d 1238, 1256 (Md. 2017) ("economic damages" as "[c]ompensatory damages that will not be awarded without proof of pecuniary loss") (citation omitted). Again, summary judgment was granted in favor of Defendant on Plaintiff's claim for economic damages, and the Therapy Bills are not relevant to any remaining claim.[4]

Plaintiff next argues that the Therapy Bills should be admitted into evidence as they "will [a]ssist the Court in [f]ashioning an [e]stimate of the non-economic damages[.]" ECF 80 at 5. Specifically, Plaintiff argues that the Therapy Bills "go to show the extent of inconvenience that she has had to endure as a result of Defendant's wrongful actions . . . ." *Id.* at 6. Plaintiff notes that her non-economic damages include "psychological injuries, pain and suffering, physical injuries and exacerbation of her pre-existing medical conditions."[5] *Id.* She argues that the Therapy Bills "will be vital as a variable used to make a proper measure of her non-economic damages . . . ." *Id.*

While economic damages require "proof of pecuniary loss," an award of non-economic compensatory damages requires no such proof. *Eastern Shore Title Co.*, 453 Md. at 334, 160 A.3d at 1256. Plaintiff fails to explain what relevance such evidence holds for quantifying her

---

[4] Moreover, in her Memorandum Opinion on summary judgment, Judge Hollander clearly contemplated the exclusion of any evidence of economic damages in this case as a necessary consequence of granting summary judgment on this claim. ECF 51 at 49–51; *Neal*, 2022 WL 1155903, at *25–*26.

[5] It is not clear what "physical injuries and exacerbation of her pre-existing medical conditions" Plaintiff is referencing. The Court notes that summary judgment has been granted in favor of Defendant on Plaintiff's claims for non-economic damages for various physical conditions. ECF 52 at 1.

inconvenience or any of her other categories of non-economic damages. Finding no relevance, the Court will exclude the Therapy Bills as irrelevant under Rule 402.

Even if the Therapy Bills were relevant, their probative value would be "substantially outweighed" by the danger of "confusing the issues" that remain in the case by inviting economic damages to be confused with non-economic damages, Fed. R. Evid. 403, and they would therefore be subject to exclusion under Rule 403. For these reasons, Defendant's Motion *in Limine* to Exclude Plaintiff's Therapy Bills will be granted.[6]

### C. Motion to Strike Witnesses

Having noted an objection on the proposed Pretrial Order filed on October 21, 2022, Defendant moved to strike from Plaintiff's witness list three potential witnesses at the pretrial conference: Michael DelDuca, Jack Blalock, and Terry Williams. Defendant argues that Plaintiff failed to identify these witnesses in discovery and only recently identified them as potential witnesses. The Court directed Plaintiff to file a letter addressing, with respect to each of the three witnesses, "(1) subject matter of anticipated testimony; (2) whether and the manner in which each witness was identified in discovery; (3) justification for any discovery failure; and (4) whether any discovery failure is harmless." ECF 93. The Court permitted Defendant to file a response. In a letter dated November 10, 2022, Plaintiff argues that she disclosed the three witnesses in discovery and, even if there was a discovery failure by Plaintiff, Defendant is not prejudiced.

---

[6] As additional grounds for excluding the Therapy Bills, Defendant argues the Plaintiff failed to produce these documents upon request in discovery. Plaintiff argues that her discovery failure is substantially justified and harmless under Fed. R. Civ. P. 37(c)(1). The Court need not reach this issue because, as explained above, the Therapy Bills are irrelevant to any remaining claims, *see* Fed. R. Evid. 402, and risk confusing the issues, such risk substantially outweighing any probative value the documents could hold, *see* Fed. R. Evid. 403.

Rule 37(c)(1) of the Federal Rules of Civil Procedure provides that if a party fails to identify a witness as required in discovery, the party is not permitted to use the witness to supply evidence at trial, "unless the failure was substantially justified or is harmless." Rule 37(c)(1)'s "basic purpose" is "preventing surprise and prejudice to the opposing party." *Southern States Rack & Fixture*, *Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 596 (4th Cir. 2003). The district court has "broad discretion to determine whether a nondisclosure of evidence is substantially justified or harmless" for purposes of Rule 37(c)(1). *Id.* at 597. In conducting a Rule 37(c)(1) exclusion analysis, "a district court should be guided by the following factors: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *Id.*

Here, it is apparent that Plaintiff failed to identify Michael DelDuca and Jack Blalock as potential witnesses in discovery. According to information provided in the parties' written submissions and during the pretrial conference, the only way in which DelDuca's and Blalock's names were disclosed in discovery were as parties to emails and other correspondence that *Defendant* produced in discovery. There is no indication that either individual was identified as a potential witness by Plaintiff, and the fact that they were each a party on written correspondence produced in discovery by Defendant is insufficient to identify them as witnesses for Plaintiff.

Plaintiff fails to offer any adequate justification or explanation for her failure to identify DelDuca and Blalock as witnesses in discovery and fails to show that her discovery failure is harmless. Defendant has been aware that Plaintiff may seek to call DelDuca and Blalock as witnesses at least since October 7, 2022, ECF 100 at 13–14, indicating that any surprise to

Defendant is less than severe and could have been cured through Defendant's efforts. And although DelDuca now lives and works outside of the district, he remains a VA employee, and Blalock is a former VA employee for whom Defendant presumably has contact information. However, Delduca's and Blalock's testimony would be cumulative and needlessly consume valuable time during the trial. The parties advise that other witnesses expected to appear and testify are expected to testify about the same matters as Delduca and Blalock: namely, Lewis's disciplinary record, alleged "inappropriate conduct with female patients," and the investigation of the incident on August 7, 2017. ECF 97 at 2. Therefore, Delduca's and Blalock's testimony does not appear to be important.[7] For these reasons, Delduca and Blalock will be stricken from Plaintiff's witness list.

As Defendant concedes, Terry Williams presents a different issue. Williams was identified as "Ms. Terry in the infusion clinic" in an interrogatory response by Plaintiff calling for description of any conversation she had with a medical provider or government employee about Lewis, "including the identity of the person who made the statement" and other information about the statement. ECF 33-11 at 6–7. This response was adequate to identify "Ms. Terry" as an individual likely to have discoverable information that may be used to support Plaintiff's claims. Defendant argues that Plaintiff failed to provide Williams's full name in discovery, but there is no indication that Plaintiff knew or was in a position to know "Ms. Terry's" full name during discovery. Providing her first name and her specific workplace within BVAMC was sufficient to identify her to Defendant, her employer. Moreover, if Plaintiff's

---

[7] Additionally, the Court notes, based upon the parties' recent status reports and a telephone conference held with counsel of record on November 22, 2022, that the parties have come to an agreement with respect to stipulating to the admission of particular exhibits and having other exhibits introduced through other witnesses. The parties' agreement obviates any need for Blalock to testify. The Court understands that there is one exhibit that Plaintiff would seek to introduce through DelDuca that is not subject to any stipulation of admission, but Plaintiff may seek to introduce that exhibit through another witness.

interrogatory response was deficient in Defendant's view, Defendant could have provided notice of the deficiency and ask Plaintiff to cure it. Defendant apparently made no such effort, which underscores the lack of any prejudice to Defendant in permitting Williams to testify. According to Plaintiff, Williams is expected to offer testimony regarding Plaintiff's emotional distress, which could prove important and would not disrupt the trial. Therefore, insofar as Plaintiff's failure to provide Williams's full name was a discovery failure, any such failure substantially justified and harmless.

For the foregoing reasons, Defendant's motion to strike DelDuca and Blalock from Plaintiff's witness list will be granted, and its motion to strike Terry Williams will be denied.

### D.  Motions to Quash Subpoenas

In three written motions, Defendant has moved to quash trial subpoenas served on Defendant for the appearance of nine persons to testify at trial.[8]

In ECF 95, Defendant asks that the Court quash trial subpoenas listing Elizabeth Coleman, Grant Lewis, Walter Jenkins, Timothy McGhee, Jack Blalock, and Linda Kalb on the grounds that none of these potential witnesses are current employees of VA and Defendant will not accept service on their behalf. ECF 95 at 2. Plaintiff has not filed a written opposition to this motion. Rule 45(b)(1) of the Federal Rules of Civil Procedure provides that "[s]erving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." Service of the trial subpoenas issued to the aforementioned potential witnesses on Defendant is

---

[8] The third motion, filed at ECF 105, is titled "Supplemental Motion to Quash Trial Subpoena of Michael Delduca," and, in this filing, Defendant purports to provide "supplemental argument in support of its motion to quash the trial subpoena of Michael Delduca[,]" citing ECF 95.  But the motion filed at ECF 95 does not request that the trial subpoena of DelDuca be quashed. Therefore, ECF 105 is treated here as a separate motion.

13

inadequate to affect service under Rule 45(b), rendering these subpoenas unenforceable as served. Defendant's motion as to the subpoenas for these six witnesses served on Defendant is therefore granted in that Defendant is not responsible for notifying or producing these witnesses for trial. Any subpoenas personally and timely served on these witnesses where service has satisfied the requirements of Rule 45 may be enforced.

In ECF 103, Defendant asks the Court to quash as untimely two additional trial subpoenas listing Vanessa Julia and Terry Williams. The two witnesses are VA employees. Rule 45(d)(3) requires the Court to quash or modify a subpoena that "fails to allow reasonable time to comply[.]" Fed. R. Civ. P. 45(d)(3)(A)(i). Here, the challenged subpoenas were served on November 17, 2022, and require the witnesses to appear on November 30, 2022, to testify. The Court notes that the intervening 13 days include two weekends, the Thanksgiving holiday, and the first three days of trial, leaving five business days before trial for Defendant to produce the witnesses. In the context of this case, the Court regards the intervening 13-day time period to be a reasonable time to comply. Plaintiff notified Defendant that she may call the two witnesses at issue no later than October 21, 2022, when the parties jointly submitted a proposed Pretrial Order listing the two witnesses on Plaintiff's witness list. *See* ECF 87 at 13. Based upon a telephone conference with counsel of record on November 22, 2022, the Court understands that Defendant has made progress securing the appearance of Williams to testify and has obtained contact information for Julia. There is no indication that the subpoenas required the compilation and production of any documents that may require a substantial amount of time to prepare. For these reasons, the motion to quash as to Vanessa Julia and Terry Williams will be denied.

In ECF 105, Defendant asks the Court to quash an additional trial subpoena listing Michael DelDuca. For reasons explained above, the Court has stricken DelDuca from Plaintiff's

witness list. Additionally, the subpoena served on Defendant for DelDuca to testify is subject to

being quashed under Rule 45(d)(3). This Rule provides that, "[o]n timely motion, the court for

the district where compliance is required must quash or modify a subpoena that . . . requires a

person to comply beyond the geographical limits specified in Rule 45(c)[.]" Fed. R. Civ. P.

45(d)(3)(A)(ii). Rule 45(c) provides that

> [a] subpoena may command a person to attend a trial, hearing, or
> deposition only as follows:
> (A) within 100 miles of where the person resides, is employed, or
> regularly transacts business in person; or
> (B) within the state where the person resides, is employed, or
> regularly transacts business in person, if the person
> (i) is a party or a party's officer; or
> (ii) is commanded to attend a trial and would not incur substantial
> expense.

Fed. R. Civ. P. 45(c)(1). Defendant advises that DelDuca resides, is employed, and regularly

transacts business in person in Syracuse, New York, which is more than 300 miles away from the

Baltimore, Maryland courthouse where the trial in this case will be conducted. For this reason,

the motion to quash will be granted as to Delduca.[9]

---

[9] During a telephone conference with counsel of record on November 22, 2022, Plaintiff argued that
Defendant's motion is untimely. The motion was filed on November 18, 2022. It is apparent that
Defendant's motion could have been filed at an earlier date, and the timing of the motion is without
justification, but the timing is also harmless. As noted above, DelDuca is stricken from the witness list as
a sanction under 37(c)(1) for Plaintiff's failure to disclose him as a potential witness in discovery. The
subpoena for DelDuca, therefore, would serve no purpose.

### E.  Remaining Unopposed Motions *in Limine*

Defendant has also moved *in limine* to exclude Grant Lewis's alleged criminal record (ECF 83) and evidence of upgrades to Plaintiff's home security system (ECF 84). Plaintiff apparently failed to disclose the information at issue in discovery and has not opposed Defendant's motions to exclude them from trial under Fed. R. Civ. P. 37(c)(1). Additionally, Defendant argues that Lewis's alleged criminal record would be offered for purposes prohibited under Fed. R. Evid. 404(b), to prove Lewis's character in order to show that he acted in accordance with the character on a particular occasion. Plaintiff does not claim to offer this evidence for any permissible purpose. As to the evidence of Plaintiff's home security upgrades, Defendant argues that, to the extent these documents would be offered to show Plaintiff's economic damages, they are irrelevant because summary judgment has been granted on the economic damages claim. Plaintiff offers no rebuttal. For the reasons explained in these two motions, they will be granted.

### F.  Plaintiff's Testimony Regarding Lewis's Alleged Sexual Misconduct

At the time of the pretrial conference, the Court took under advisement the question of whether Plaintiff would be permitted to testify regarding her allegation that Lewis "press[ed] his private parts inappropriately over Neal's head on the examination bed" after entering the ultrasound room on August 7, 2017. Compl. ¶ 15. Defendant argues correctly that any claim for damages arising from this conduct by Lewis has been dismissed because sovereign immunity is not waived as to any claim arising from sexual assault or sexual harassment. ECF 96 at 3-4 (citing ECF 14 at 16; *Neal*, 2019 WL 6341622, at *8); *see also* 28 U.S.C. § 1346(b)(1) (permitting claims for money damages for personal injury "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or

16

employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred"); *Samuels v. Two Farms, Inc.*, Civ. No. DKC 10-2480, 2012 WL 261196, at \*9-\*10 (D. Md. Jan. 27, 2012) ("[U]nder Maryland law, an employer is not vicariously liable for torts arising from sexual harassment by another employee because those torts arose outside of the scope of employment.") (citing cases). However, Defendant concedes that Plaintiff's testimony on this matter may be properly admitted in order for the Court to apportion compensatory damages in a way that avoids awarding damages for any sexual assault or sexual harassment by Lewis. Plaintiff will not be barred from testifying about any physical contact between her and Lewis after Lewis entered the examination room.

## III.   ORDER

For the foregoing reasons, it is hereby, ORDERED that

1.   Defendant's Motion *in Limine* to Exclude Plaintiff's Statements to Police Detective (ECF 74) is GRANTED without prejudice to any argument that the statements at issue become non-hearsay during the course of trial;

2.   Defendant's Motion *in Limine* to Exclude Plaintiff's Therapy Bills (ECF 75) is GRANTED;

3.   Defendant's Motion *in Limine* to Exclude Grant Lewis's Purported Criminal Record (ECF 83) is GRANTED;

4.   Defendant's Motion *in Limine* to Exclude Evidence of Home Security Upgrades (ECF 84) is GRANTED;

5.   Defendant's motion to strike Michael DelDuca and Jack Blalock from Plaintiff's witness list is GRANTED;

6.      Defendant's motion to strike Terry Williams from Plaintiff's witness list is DENIED;

7.      Defendant's Motion to Quash Trial Subpoenas (ECF 95) is GRANTED solely as to the subpoenas served on Defendant;

8.      Defendant's Motion to Quash Trial Subpoenas for Vanessa Julia and Terry Williams (ECF 103) is DENIED;

9.      Defendant's Motion to Quash Trial Subpoena of Michael DelDuca (ECF 105) is GRANTED;

10.     Plaintiff will be permitted to testify at trial regarding alleged sexual misconduct by Grant Lewis.

It is so **ORDERED**.


Date: November 22, 2022                    _____/S/_____
                                           Matthew J. Maddox
                                           United States Magistrate Judge